IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM GUELACHE                                        PLAINTIFF

v.                         CASE NO. 4:19-CV-00634-BSM

CONAGRA BRANDS, INC.                                    DEFENDANT

ORDER

Conagra Brands, Inc.'s motion for summary judgment [Doc. No. 48] is granted because William Guelache has failed to establish a *prima facie* case of discrimination. Guelache's lawsuit is dismissed with prejudice, and Conagra's motion to amend the scheduling order [Doc. No. 68] is denied as moot.

I. BACKGROUND

Viewed in the light most favorable to Guelache as the non-moving party, the facts are as follows. Guelache is a black man from Cameroon who worked at Conagra's frozen food manufacturing facility in Russellville, Arkansas. Def.'s Reply Pl.'s Resp. Statement F. ("Def.'s Reply F.") ¶¶ 1–4, Doc. No. 65. In May 2017, one of Guelache's co-workers complained that Guelache yanked a hose she was using while standing on an elevated platform, nearly causing her to fall. *Id.* ¶¶ 24–27. Conagra investigated the incident and determined that Guelache committed a safety violation. *Id.* ¶¶ 35–36. Conagra offered Guelache a "Last Chance Agreement" in lieu of discharge, which he accepted. *Id.* ¶¶ 38, 41. The agreement stated that any performance violation in the next nine months could result in termination. *Id.* ¶ 43.

Five months later, Conagra received an anonymous complaint that Guelache was harassing, arguing with, and intimidating other employees. *Id*. ¶¶ 49, 52. Conagra investigated the complaint by interviewing ten of Guelache's co-workers. *Id*. ¶¶ 53-55. Many of those interviewed indicated that Guelache would yell at other employees and intimidate them. *Id*. ¶¶ 56–61. Several employees also disclosed that Guelache was loan-sharking at the facility with the help of one of his co-workers, Herlindo Lopez. *Id*. ¶¶ 62–63. Conagra fired Guelache after determining that he violated its code of conduct, its employment guide, and the terms of his last chance agreement. *Id*. ¶¶ 80–84. Conagra also fired Lopez for his role in the loan-sharking operation. *Id*.

Both Guelache and Lopez filed grievances through their union. *Id*. ¶ 89. Guelache's grievance was referred to a panel that was composed of both company and union representatives. *Id*. ¶¶ 90–91. The panel denied Guelache's grievance. *Id*. ¶ 92. Conagra and the union eventually settled Lopez's grievance, which resulted in his reinstatement subject to a last chance agreement. *Id*. ¶ 94–95. Guelache filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discriminatory discharge. *Id*. ¶ 97. He later amended his charge to include Conagra's failure to reinstate him. *Id*. ¶ 98. After receiving his right to sue letter from the EEOC, Guelache sued Conagra for race and national origin discrimination. Doc. No. 1.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

### A.   Discriminatory Discharge

Summary judgment is granted on Guelache's discriminatory discharge claim because he failed to timely exhaust his administrative remedies and because he has failed to show that Conagra fired him because of his race.

#### 1. Timely Exhaustion of Administrative Remedies

As an initial matter, Conagra is entitled to summary judgment on Guelache's discriminatory discharge claim because Guelache failed to timely exhaust this administrative remedies.  Plaintiffs asserting Title VII claims must first file a charge of discrimination with the EEOC within 180 days of the alleged adverse action.  42 U.S.C. § 2000e-5(e)(1).  Guelache filed his charge of discrimination on July 5, 2018, more than 200 days after

Conagra terminated him.  Def.'s Reply F. ¶ 97.  Guelache asserts that he actually initiated the charge of discrimination with the EEOC on June 1, 2018, but only when a charge is "signed under oath can it 'constitute a valid charge under Title VII for purposes of the statute of limitations.'"  *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 (8th Cir. 1998) (quoting *Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 450 (8th Cir. 1998)).  Moreover, Guelache's use of the grievance process does not toll the limitations period for filing a charge.  *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 234–36 (1976).

### 2.  *Lack of Evidence of Racial Discrimination*

Guelache lacks direct evidence of discrimination, so he must establish a prima facie case under the McDonnell Douglas burden–shifting framework.  *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011).  To establish a prima facie discriminatory discharge case, a plaintiff must show that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently.  *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).  If the plaintiff makes a prima facie case, the employer must identify a legitimate, non–discriminatory reason for its decision.  *Id*.  If the employer meets this burden, the plaintiff must then show that the articulated reason was a pretext for discrimination.  *Id*.  Summary judgment is appropriate here for a number of reasons.

a. Prima facie case

Even if Guelache had timely filed his charge with the EEOC, summary judgment would be appropriate because he has failed to establish a *prima facie* case of discriminatory discharge. Guelache has not demonstrated that he was meeting Conagra's legitimate job expectations, nor has he shown that similarly situated employees outside of his protected class were treated differently.

i. Legitimate job expectations

An employee who violates a significant company policy is not meeting an employer's legitimate expectations. *See Marsenburg v. Fiber Glass Sys., L.P.,* Case No. 4:14-cv-00308-BSM, 2015 WL 5254301, at *2 (E.D. Ark. Aug. 24, 2015). Conagra's code of conduct and employment guide both prohibit intimidating other employees. Def.'s Reply F. ¶¶ 14, 18. Employees who violate these policies are subject to disciplinary action, up to and including termination. *Id.* ¶¶ 14–15, 17. At the time of his termination, Guelache was not meeting Conagra's legitimate job expectations because an investigation determined that he violated the company's policy prohibiting intimidation of other employees. Guelache asserts that this investigation was "shoddy" and full of shortcomings, but his assertions are not supported by the record. *See Recio v. Creighton Univ.*, 521 F.3d 934, 939 (8th Cir. 2008) ("Evidence, not contentions, avoids summary judgment.")

ii. Similarly situated employees

Guelache has also not shown that similarly situated employees outside of his protected

class were treated differently.  A similarly situated employee is one outside the plaintiff's protected class that is "involved in or accused of the same or similar conduct" and is disciplined in a different way. *Wimbley v. Cashion*, 588 F.3d 959, 962 (8th Cir. 2009). Employees must be similarly situated in all relevant respects. *Id.* at 963.  To show that another similarly situated employee was treated differently, Guelache would have to identify a co-worker who was also placed on a last chance agreement after committing a safety violation that endangered another Conagra employee.  He would also have to show that this person was not fired after an investigation showed that he intimidated other co-workers and was loan-sharking at work, during the term of the last chance agreement.  No other Conagra employee, including Lopez, meets these criteria. *See Lane v. Ball*, 854 F. App'x 111, 113 (8th Cir. 2021).

      b.     Legitimate, non–discriminatory reason

Even if Guelache could establish a *prima facie* case of discriminatory discharge, Conagra has provided a legitimate, non–discriminatory reason for terminating him.  The employer's burden to articulate a legitimate, non-discriminatory reason is "not onerous." *Floyd v. State of Mo. Dep't of Soc. Servs., Div. of Family Servs.,* 188 F.3d 932, 936 (8th Cir. 1999).  Conagra has met this burden because its investigation confirmed that Guelache violated company policy by intimidating other employees. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) ("We have consistently held that violating a company policy is a legitimate, non-discriminatory rationale for terminating an employee").  Its

investigation included interviewing ten of Guelache's co-workers, most of whom identified Guelache as a source of problems in the workplace. Conagra's justification for terminating Guelache was therefore based on a good–faith belief that he had engaged in behavior inconsistent with company policy. *See McCullough v. Univ. of Ark. for Med. Sciences*, 559 F.3d 855, 861–62 (8th Cir. 2009) (stating that the "critical inquiry" in discrimination cases is "whether the employer in good faith believed that the employee was guilty of the conduct justifying discharge").

      c.    Pretext

Assuming again that Guelache could make a *prima facie* case of discrimination, he has failed to show that Conagra's proffered reason for discharging him was pretextual. Guelache must both discredit Conagra's asserted reason and show that the real reason was discrimination. *Twymon*, 462 F.3d at 935. He has done neither. His contention that Conagra's investigation was illegitimate, and his assertion of disparate treatment, are unsupported by any evidence in the record. Guelache's conjecture does not create a genuine issue of material fact as to Conagra's discriminatory motivation for firing him. *See Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025, 1028 (8th Cir. 2006) ("speculation and conjecture are insufficient to defeat summary judgment").

      B.    <u>Failure to Reinstate</u>

Conagra is likewise entitled to summary judgment on Guelache's discriminatory failure to reinstate claim. Guelache must again establish a *prima facie* case under the

*McDonnell Douglas* burden–shifting framework because he has no direct evidence of discrimination. *See Torgerson,* 643 F.3d at 1046. To establish a *prima facie* case for discriminatory failure to reinstate, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for but denied reinstatement; and (3) similarly situated employees outside the protected class were reinstated to their positions. *Williams v. Ford Motor Co.,* 14 F.3d 1305, 1308 (8th Cir. 1994) (citing *Jones v. Frank*, 973 F.2d 673, 676 (8th Cir. 1992)). If the plaintiff establishes a *prima facie* case, the employer must articulate a legitimate, non–discriminatory reason for its decision. *Williams*, 14 F.3d at 1309 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 245, 256 (1981)). If the employer meets this burden, the plaintiff must demonstrate that the articulated reason was a pretext for discrimination. *Id.*

## 1. Prima Facie Case

Guelache has failed to establish a *prima facie* case of discriminatory failure to reinstate because he has not demonstrated that similarly situated employees outside of his protected class were reinstated. Guelache's claim is based on Conagra's decision to reinstate Lopez, the other individual involved in the loan-sharking operation. *See* Compl. Lopez's circumstances, however, differ from Guelache's in significant ways.

First, Lopez was not subject to a last chance agreement at the time the loan-sharking operation was discovered. *See Mortensen v. Hibbing Taconite Co.,* Civil No. 07-706 ADM/RLE, 2010 WL 2243557, at *5 (D. Minn. June 1, 2010) (plaintiff and alleged

8

comparator not "similarly situated" for pretext analysis when plaintiff was subject to last chance agreement and comparator was not); *see also Collins v. Porter*, 431 F. App'x 599, 600 (9th Cir. 2011). Second, Lopez only assisted Guelache in his loan-sharking operation and was not accused of intimidating other employees. Def.'s Reply F. ¶ 63; *see Pighee v. L'Oreal USA (Prods.), Inc.*, 351 F.Supp.2d 885, 893–94 (E.D. Ark. 2005) (plaintiff and alleged comparator not "similarly situated" because plaintiff could not establish that comparator's conduct was of "comparable seriousness" to his own). Finally, a grievance panel with union representation agreed that Conagra's decision to terminate Guelache was appropriate, while Lopez's grievance was held in abeyance. Given these facts, Guelache has not shown that Lopez was similarly situated to him in all relevant respects, and has therefore not established a *prima facie* case.

## 2. Legitimate, Non–Discriminatory Reason & Pretext

Even if Guelache could establish a *prima facie* case of discrimination, Guelache's violation of company policy was a legitimate, non-discriminatory reason for Conagra to not reinstate him. *Williams*, 14 F.3d at 1309 ("[a] violation of a company rule can constitute a legitimate, non-discriminatory reasons for the decision to refuse an employee reinstatement"). The burden then shifts to Guelache to show pretext. Guelache has not met this burden because he presents no evidence that Conagra's real reason for not reinstating him was discrimination. Guelache may believe that Conagra treated him differently than similarly situated employees outside his protected class, but without facts his belief is not

sufficient to raise an inference of discrimination.  *See Canady v. Wal-Mart Stores, Inc.*, 440

F.3d 1031, 1034 (8th Cir. 2006).

### IV.  CONCLUSION

For the foregoing reasons, Conagra's motion for summary judgment [Doc. No. 48]

is granted.  Guelache's lawsuit is dismissed with prejudice, and Conagra's motion to amend

the scheduling order [Doc. No. 68] is denied as moot.

IT IS SO ORDERED this 12th day of April, 2022.

_____

UNITED STATES DISTRICT JUDGE